Nguti v. Sessions

BIA
Montante, IJ
A095 896 806

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand eighteen.

PRESENT:
        RICHARD C. WESLEY,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges.*

_____

EDWIN FRU NGUTI,
    *Petitioner,*

    v.                                    15-3461
                                          NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Cleland B. Welton, II, Quinn
                       Emanuel Urquhart & Sullivan, LLP,
                       New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Shelley R. Goad,
                       Assistant Director; Kristen
                       Giuffreda Chapman, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Edwin Fru Nguti, a native and citizen of Cameroon, seeks review of a September 28, 2015, decision of the BIA affirming an April 14, 2014, decision of an Immigration Judge ("IJ") denying his motion to reopen. *In re Edwin Fru Nguti,* No. A095 896 806 (B.I.A. Sept. 28, 2015), *aff'g* No. A095 896 806 (Immig. Ct. Buffalo Apr. 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Nguti sought to file a successive asylum application, asserting that conditions in Cameroon had changed such that he has a well-founded fear of persecution on account of his support for the opposition political party.

An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final

2

administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although Nguti's motion to reopen was untimely filed, the IJ erred in finding Nguti's counsel's admission of fault irrelevant to the issue of timeliness. Indeed, a showing of ineffective assistance of counsel may equitably toll the filing period for a motion to reopen. *See Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000); *see also Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir. 2007) (concluding that a movant satisfies the procedural requirements for raising an ineffective assistance claim when the claim is clear on the face of the record).

The agency also erred in rejecting Nguti's evidence. The agency relied primarily on perceived inconsistencies between Nguti's 2002 asylum application and the successive application submitted with his 2014 motion to reopen. Specifically, the agency found that Nguti's 2002 application asserted that Cameroonian officials had arrested and beaten him on four occasions, while, on his 2014 application, he checked a box reflecting that he had not been harmed or mistreated in Cameroon in the past, and his attached declaration stated that he had been tortured without detail. However, Nguti's 2014 asylum application did not deny that he had been harmed in the past in conflict with his first application. Question 1 on the

3

asylum application form asks the applicant to identify the protected ground for the asylum claim; subparts A and B ask the applicant to specify whether the claim is based on past harm and/or a fear of future harm. Although question 1, subpart A states, "Have you . . . ever experienced harm or mistreatment or threats in the past by anyone," when read in the context of the introduction to question 1, Nguti's "No" response merely indicated that he was not applying for asylum based on past harm but rather solely based on his fear of future harm.

In fact, Nguti was ineligible to apply for asylum based on past harm in a successive asylum application filed more than 12 years after his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B), (D). Furthermore, the agency erred in faulting Nguti for omitting details of his past harm or evidence to corroborate that harm given that they were not the basis of his application. *Cf. Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006) (concluding that the IJ erred in questioning an applicant's credibility based on her failure to provide specific details in the general description of her claim provided in her application).

In addition, the agency rejected a summons and a medical certificate, explaining that the documents were not authenticated and the chain of custody was not established.

4

However, the agency abused its discretion by failing to analyze Nguti's evidence of chain of custody: his uncle's affidavit and supporting evidence, and a receipt showing his father had mailed copies from Cameroon. *See Poradisova v. Gonzales*, 420 F.3d 70, 81 (2d Cir. 2005) (recognizing that the agency has a duty to consider evidence that materially bears on a movant's claim). The agency also declined to credit affidavits from Nguti's father and nephew because the authors had not signed them; however, both letters are signed by notaries in front of whom the authors purportedly appeared.

Because the agency's errors infect all the bases for denying Nguti's motion to reopen, we cannot confidently predict that remand would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006). It also appears that the IJ may have prejudged Nguti's credibility and thus the BIA may wish to assign a new IJ if remand is necessary.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition

5

is DENIED as moot.  *See also* Fed. R. App. P. 34(a)(2)(B); Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk